STOULIG, Judge
(concurring).
I respectfully concur.
The issue presented by this appeal is whether the note forming the basis of the judgment rendered against it, is the valid obligation of the defendant corporation. Its validity is assailed on the dual contentions:' (1) that Kristeen Kukla did not possess the authority to execute the instrument on behalf of the corporation; and (2) the want or lack of consideration.
On September 11, 1972, Kristeen Kukla, acting on behalf of the corporation, executed a promissory note in the principal sum of $15,462, the proceeds of which were applied to satisfy the personal obligation of James R. Popp. On this date the plaintiff had in its possession a resolution of the defendant corporation, certified by its secretary, that Kristeen Kukla, its president, was empowered to conduct all of its banking transactions with the plaintiff. In addition, plaintiff had on file the signature card of Kristeen Kukla, with the designation of president of the corporation.
James R. Popp was to. all intents and purposes the defendant corporation, owning 900 of the 1,000 outstanding shares of stock. At the first board of directors meeting on March 28, 1968, he was elected chairman of the board and president and Kristeen Kukla was elected its secretary-treasurer. In these same minutes, a copy of which was furnished the bank, the president of the corporation was authorized and empowered to execute notes, et cetera, on behalf of the corporation.
It is uncontroverted that during his lifetime, Popp entrusted the managing of the corporate affairs, including its banking activities with plaintiff, to Kristeen Kukla. Prior to his death on May 24, 1972, Kristeen Kukla drew checks on the corporate accounts in making payments on Popp’s personal note with the plaintiff. After his death, she continued to make these payments and also to conduct all of the corporation’s business with the knowledge and approval of William R. Stoltz, Jr., agent for Popp’s surviving parents and sister. Stolz admitted his principals were aware that the Popp’s delinquent personal note had been renegotiated into a corporate obligation and approved of this action.
Thus during the lifetime of James Popp and after his death, at all times the parties- of interest- were aware that Kristeen Kukla was actively handling the banking *377 affairs of the defendant corporation. The bank had in its possession documentary authority empowering the president to execute notes on behalf of the corporation and a resolution confirming the authority of Kristeen Kukla as its president to handle its banking business. Having no reason or basis to suspect the validity of either resolution and having the prior experience of dealing almost exclusively with Kristeen Kukla in its banking relations with the corporation, plaintiff had no obligation to make further inquiry as to the authority of Kristeen Kukla to sign the obligation sued upon. Plaintiff could continue to rely upon these documents in dealing with Kristeen Kukla until notice of their revocation or countermanding written orders were received, and its action in doing so is consistent with accepted banking practices. Defendant at this late date will not be heard to claim that the note executed by Kristeen Kukla is not the authorized obligation of the corporation.
Appellant’s remaining contention that the note is unenforceable for the want or lack of consideration is without merit. The delinquent status of Popp’s personal obligation placed in jeopardy the ownership of his 90 percent of the corporate stock, which would be subject to seizure and sale in the event judgment was rendered in favor of the plaintiff as holder of his personal note. In order to avoid either the involuntary dissolution of the corporation or the transfer of its control to third parties, it was to the manifest advantage of the defendant corporation and its stockholders that it issue its corporate note in satisfaction of the delinquent personal obligation of James R. Popp, thereby removing any threat of a judicial sale of the controlling interest in the company. This benefit coupled with the right of the corporation to seek reimbursement from the assets of Popp’s succession did constitute a sufficient consideration to render said instrument, the binding obligation of the defendant corporation.
For the foregoing reasons I concur in the majority opinion affirming the judgment of the trial court.